EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Priscilla Medina Nazario | |
| Peticionaria | 2016 TSPR 36 |
| v. | |
| McNeil Healthcare LLC | 194 DPR ____ |
| Recurrido | |

Número del Caso: CC-2015-313

Fecha: 2 de marzo de 2016

Tribunal de Apelaciones:

Región Judicial de Carolina y Guayama

Abogado de la parte Peticionaria:

Lcdo. Carlos Mondríguez Torres
Lcdo. Ariel Hernández Santana

Abogado de la parte Recurrida:

Lcda. María Antongiorgi
Lcdo. Jorge A. Antongiorgi Betancourt
Lcda. Iraida Diez

Materia: Sentencia con Opinión de Conformidad y Opinión Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Priscilla Medina Nazario

   Peticionaria

        v.               CC-2015-0313

McNeil Healthcare LLC

   Recurrido



Opinión del Tribunal emitida por la Jueza Presidenta ORONOZ RODRÍGUEZ



En San Juan, Puerto Rico, a 2 de marzo de 2016.

En esta ocasión, nos corresponde resolver cuál es el término para recurrir de una resolución interlocutoria al amparo del procedimiento sumario laboral provisto por la Ley Núm. 2-1961, infra, y, si tales determinaciones pueden ser objeto de reconsideración. Resolvemos que los términos para revisar resoluciones interlocutorias del Tribunal de Primera Instancia y del Tribunal de Apelaciones son diez (10) días y veinte (20) días, respectivamente. Además, debido a la naturaleza sumaria del procedimiento, concluimos también que las determinaciones interlocutorias que se emiten

en pleitos ventilados por la vía sumaria no pueden ser objeto de reconsideración. Veamos los hechos que dieron inicio a la controversia ante nuestra consideración.

I

El 16 de noviembre de 2010, la Sra. Priscilla Medina Nazario presentó una querella contra McNeil Healthcare LLC (McNeil) al amparo del procedimiento sumario laboral dispuesto en la Ley Núm. 2-1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 et seq. (Ley Núm. 2). Solicitó compensación por despido injustificado bajo la Ley Núm. 80-1976, 29 LPRA sec. 185a et seq., represalias al amparo de la Ley Núm. 115-1991, 29 LPRA secs. 194a-194b y la reinstalación en el empleo. Además, la señora Medina Nazario alegó violación a la Sección 16 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, Const. PR, Art. II, Sec. 16, y exigió el pago de salarios por las horas extra trabajadas.[1] McNeil contestó la querella y negó las alegaciones. Argumentó que el despido fue justificado debido al desempeño insatisfactorio de la señora Medina Nazario en el empleo.

El 29 de enero de 2013, poco más de dos años desde el inicio del pleito, la señora Medina Nazario presentó una solicitud para enmendar la querella. Propuso sustituir su reclamación de reinstalación en el empleo por una causa de

---

[1] Resolución, Apéndice, pág. 228.

acción por lucro cesante y solicitó añadir una causa de acción por acoso laboral.

McNeil se opuso y argumentó que la enmienda solicitada era improcedente en tanto no se cumplieron los criterios establecidos para permitir una enmienda a las alegaciones. Señaló que, de permitirse la enmienda, habría que reabrir el descubrimiento de prueba, dilatando así la adjudicación de la controversia. Por último, sostuvo que no procedía añadir una causa de acción por acoso laboral ya que la Asamblea Legislativa no ha reconocido tal causa de acción en Puerto Rico.

Posteriormente, se celebró una vista argumentativa durante la cual las partes: (1) presentaron sus argumentos sobre la procedencia de la enmienda; (2) discutieron la admisibilidad del testimonio de la Dra. Luz Migdalia Vélez, anunciada como perito de la señora Medina Nazario, quien testificaría sobre lo que, a su juicio, constituye acoso laboral; y (3) discutieron la admisibilidad del testimonio de la Sra. Vilma Bermúdez, exempleada de McNeil, quien no había sido oportunamente incluida por la señora Medina Nazario en la lista de testigos.[2]

El 28 de agosto de 2014, el Tribunal de Primera Instancia emitió una Resolución y Orden, notificada el 3 de octubre de 2014, declarando no ha lugar la solicitud de

---

[2] La señora Medina Nazario "[s]eñaló que no la había podido anunciar inicialmente porque era empleada de McNeil y podía sufrir represalias a consecuencia de ello, pero al ser separada de su empleo en febrero de 2013 podía fungir como testigo en el caso sin que le perjudicara". Resolución, Apéndice, pág. 229.

enmienda. En dicha Resolución, el Tribunal también excluyó el testimonio de la doctora Vélez y no permitió la inclusión de la señora Bermúdez en la lista de testigos. Insatisfecha con el resultado, la señora Medina Nazario radicó una moción de reconsideración el 17 de octubre de 2014. El 5 de diciembre de 2014, el Tribunal de Primera Instancia declaró no ha lugar la moción de reconsideración. Dicha determinación fue notificada el 31 de diciembre de 2014.

Aún inconforme con el resultado, el 30 de enero de 2015 la señora Medina Nazario presentó un recurso de *certiorari* ante el Tribunal de Apelaciones para revisar la determinación interlocutoria del Tribunal de Primera Instancia. Alegó que el foro primario abusó de su discreción al denegar la solicitud de enmienda, al eliminar el testimonio de la doctora Vélez y al no permitir la inclusión del testimonio de la señora Bermúdez.

El 12 de febrero de 2015, el Tribunal de Apelaciones denegó expedir el auto mediante una Resolución que fue notificada el 26 de febrero de 2015. Razonó que la determinación del Tribunal de Primera Instancia no era revisable mediante *certiorari*, pues se emitió en un procedimiento sumario al amparo de la Ley Núm. 2 y no se cumplió con los criterios para la revisión de resoluciones interlocutorias, según establecidos en Dávila, Rivera v. Antilles Shipping, Inc., 147 DPR 483 (1999).

El 13 de marzo de 2015, la señora Medina Nazario presentó una moción de reconsideración en la cual reiteró sus argumentos y alegó que procedía la expedición del auto solicitado. El 18 de marzo de 2015 el Tribunal de Apelaciones declaró no ha lugar la moción de reconsideración, lo cual se notificó el 1 de abril de 2015.

En desacuerdo con la determinación, el 21 de abril de 2015, la señora Medina Nazario acudió a este Tribunal mediante una *Petición de Certiorari*. En esencia, alega que el Tribunal de Apelaciones erró al resolver que el foro primario no abusó de su discreción al no permitirle enmendar la querella para incluir la causa de acción por acoso laboral, por el mero hecho de que dicha acción no existe en nuestro ordenamiento. También arguye que el foro apelativo intermedio aplicó de manera errónea las disposiciones de la Ley Núm. 2, supra, y Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, al momento de analizar si procedía expedir el recurso de *certiorari*.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

II

A

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. García v. Padró,

165 DPR 324, 334 (2005); Pueblo v. Colón Mendoza, 149 DPR 630, 637 (1999). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. García v. Padró, supra, pág. 324.

La expedición del auto descansa en la sana discreción del tribunal. A tales efectos, hemos señalado que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". IG Builders v. BBVAPR, 185 DPR 307, 338 (2012). Claro está, la discreción judicial no es irrestricta. Esta discreción ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Negrón v. Secretario de Justicia, 154 DPR 79, 91 (2001). Es decir, ejercer la discreción concedida no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, enumera aquellos incidentes procesales susceptibles de revisión mediante certiorari. Dicha Regla "fue objeto de cambios fundamentales dirigidos a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación". Rivera Figueroa v. Joe's

European Shop, 183 DPR 580, 593-94 (2011). Véase IG

Builders v. BBVAPR, supra, págs. 336-37. En lo pertinente,

la Regla señala:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V.

Sin embargo, el hecho de que un asunto esté

comprendido dentro de las materias susceptibles a revisión

no justifica la expedición del auto sin más. Es por ello

que la propia Regla dispone que "[t]odo procedimiento de

apelación, certiorari, certificación, y cualquier otro

procedimiento para revisar sentencias y resoluciones se

tramitará **de acuerdo con la Ley aplicable**, estas reglas y

las reglas que adopte el Tribunal Supremo de Puerto Rico".

Íd. (Énfasis suplido). Por lo tanto, cuando un pleito es

incoado bajo un procedimiento especial, se evalúa también

la procedencia del recurso a la luz del estatuto

habilitador.

Por otro lado, la Regla 52.2 de Procedimiento Civil provee un término de treinta (30) días para acudir al tribunal revisor mediante recurso de *certiorari* para revisar una orden o resolución interlocutoria. 32 LPRA Ap. V. Dicho término es de cumplimiento estricto y se computa a partir de la fecha de notificación de la resolución u orden recurrida. Íd; <u>Johnson & Johnson v. Mun. San Juan</u>, 172 DPR 840, 849-50 (2007).

Cabe mencionar que nuestro ordenamiento jurídico desfavorece la revisión de determinaciones interlocutorias. A tales efectos, el Profesor Hernández Colón señala:

> Los principios procesales de concentración de los eventos y de celeridad militan en contra de la revisión de resoluciones interlocutorias. Es inconveniente para el desenvolvimiento lógico y orgánico del proceso que se recurra de las distintas resoluciones que recaen en los diversos actos procesales que finalmente han de culminar en una sentencia final. Si se recurre por vía de *certiorari* de estas distintas resoluciones, se interrumpe la marcha ordenada, la buena marcha de la *litis*. R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico, Derecho Procesal Civil</u>, 5ta ed., Pubs. LexisNexis de Puerto Rico, Inc., 2010, pág. 427.

B

La moción de reconsideración es el mecanismo que provee nuestro ordenamiento jurídico para permitir que se modifiquen órdenes, resoluciones y sentencias. J. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., Pubs. JTS, 2011, T. IV, pág. 1366. "El principal objetivo de una

moción de reconsideración es darle al tribunal que dictó la sentencia o resolución, la oportunidad para que pueda enmendar o corregir los errores en que hubiese incurrido". J. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 2010, pág. 271; Morales y otros v. The Sheraton Corp., 191 DPR 1, 7 (2014); Lagares v. ELA, 144 DPR 601, 609 (1997)(citando Dávila v. Collazo, 50 DPR 494, 503 (1936)).

De ordinario, nuestro ordenamiento jurídico favorece la utilización de este recurso, pues le brinda al foro sentenciador la oportunidad de corregir sus errores, evitando así que las partes incurran en los gastos que conlleva la presentación de un recurso de revisión. R. Hernández Colón, op. cit., pág. 395. "Al solicitar la reconsideración pueden exponerse fundamentos no expuestos antes de que se haya dictado la sentencia o resolución, pero no pueden formularse por primera vez planteamientos que necesiten apoyo en prueba no presentada en juicio". Íd., pág. 394. Ello permite a las partes poner al tribunal en una mejor posición para determinar la comisión del error imputado.

Las Reglas de Procedimiento Civil proveen un término de quince (15) días para la presentación de una moción de reconsideración. Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. En cuanto a las resoluciones interlocutorias respecta, dicho término es de cumplimiento estricto y se computa a partir de la fecha de notificación de la resolución u orden recurrida. Íd.

C

La Ley Núm. 2, supra, estableció un procedimiento sumario para la adjudicación de pleitos laborales. La esencia de dicho trámite "es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios". Rivera v. Insular Wire Products Corp., 140 DPR 912, 923 (1996); véase Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 928 (2008). Tal procedimiento es el recurso principal "para la implantación de la política pública del Estado de proteger el empleo, desalentando el despido sin justa causa y proveyendo al obrero así despedido los medios económicos para la subsistencia de éste y de su familia, en la etapa de transición entre empleos". Íd. Véase Izagas Santos v. Family Drug Center, 182 DPR 463, 480 (2011); Mercado Cintrón v. Zeta Com., Inc., 135 DPR 737 (1994). Con el fin de adelantar su propósito y al tomar en cuenta la disparidad económica entre las partes, la Ley dispuso:

> (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos

para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. Íd., págs. 923-24.[3]

En lo pertinente, en Dávila, Rivera v. Antilles Shipping, Inc., 147 DPR 483 (1999), este Tribunal tuvo la oportunidad de examinar su facultad para revisar, vía *certiorari*, resoluciones interlocutorias emitidas en pleitos incoados bajo el procedimiento sumario dispuesto en la Ley Núm. 2, supra. En esa ocasión concluimos que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral. Íd., pág. 496. Ahora bien, este Tribunal señaló que la norma no es absoluta. Exceptuamos de la prohibición aquellas resoluciones dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la justicia así lo requieran. Íd., pág. 498. Particularmente, este Tribunal señaló que procede la revisión inmediata cuando dispondría del caso en forma definitiva o cuando tenga el efecto de evitar una grave injusticia. Íd.

A pesar de que este Tribunal resolvió que algunas resoluciones interlocutorias son revisables en procedimientos sumarios al amparo de la Ley Núm. 2, supra, la Ley no establece los términos aplicables para recurrir cuando ello sucede. De igual manera, la Ley tampoco hace referencia a la posibilidad de reconsiderar una resolución u orden interlocutoria. No obstante, el estatuto señala los

---

[3] Cabe señalar que el obrero(a) o empleado(a) siempre puede instar su reclamación bajo un procedimiento ordinario conforme a los términos provistos en las Reglas de Procedimiento Civil.

términos para recurrir de las determinaciones finales emitidas por los tribunales inferiores. A tales efectos, la Ley Núm. 133-2014, que enmendó la Ley Núm. 2, supra, provee un término de diez (10) días jurisdiccionales para recurrir al Tribunal de Apelaciones y un término de veinte (20) días jurisdiccionales para acudir a este Tribunal. Art. 2 de la Ley Núm. 133-2014.

La Ley Núm. 133-2014 se aprobó con el propósito de atemperar las disposiciones de la Ley Núm. 2, supra, al esquema judicial vigente. A cincuenta y dos (52) años de su adopción, "ésta aún hac[ía] referencia al Tribunal de Distrito, y a las apelaciones entre tribunales de instancias y el Tribunal Supremo". Exposición de Motivos de la Ley Núm. 133-2014. Además, la Asamblea Legislativa redujo el término para acudir a este Tribunal mediante *certiorari* -de treinta (30) días-, según dispuesto en Santiago v. Palmas del Mar Properties, Inc., 143 DPR 886 (1997), a veinte (20) días. Íd. En esa ocasión, la Legislatura expresó que el término de treinta (30) días provisto en Santiago v. Palmas del Mar Properties, Inc., supra, "contraviene el espíritu expedito de la Ley Núm. 2", y explicó que "[l]a intención del legislador [...] fue extender el carácter sumario de la ley a la etapa apelativa para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz". Íd.

Ante la ausencia de una expresión en el texto de la Ley sobre la procedencia de una reconsideración, y la

omisión de un término para recurrir de una determinación interlocutoria, resulta relevante la tercera sección de la Ley Núm. 2, <u>supra</u>, la cual dispone que, en los pleitos tramitados al amparo del procedimiento sumario, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de la misma **o con el carácter sumario del procedimiento**. 32 LPRA sec. 3120.[4]

A la luz de este marco jurídico, procedemos a resolver.

### III

La señora Medina Nazario solicitó reconsideración tanto de la Resolución y Orden que emitió el Tribunal de Primera Instancia como de la Resolución del Tribunal de Apelaciones. Además, solicitó la revisión interlocutoria de las determinaciones de ambos foros inferiores.

De la relación procesal que precede se aprecia que, al presentar sus mociones de reconsideración, la señora Medina Nazario utilizó los términos dispuestos en las Reglas de Procedimiento Civil. A saber, presentó sus mociones de reconsideración dentro de los quince (15) días de haber recibido notificación de la determinación a

---

[4] Resulta pertinente resaltar que este Tribunal ha indicado que cuando la ley no fija el término dentro del cual deberá llevarse a cabo determinada acción, se aplicará a la misma el más análogo, siempre y cuando no tenga el efecto de frustrar la intención que emana del estatuto o la política pública que lo inspira. Sobre el tema, Puig Brutau ha expuesto que "[l]a analogía es la aplicación a un caso no previsto de la norma que se refiere a otro, que ofrece con el primero una semejanza que el intérprete considera suficiente para que la aplicación esté justificada por concurrir en uno y otro la misma razón". J. Puig Brutau, <u>Introducción al Derecho Civil</u>, Barcelona, Ed. Bosch, 1981, pág. 338.

reconsiderar. Regla 47 de Procedimiento Civil, 32 LPRA Ap. V. Además, utilizó el término de treinta (30) días, provisto por las Reglas de Procedimiento Civil, para la presentación de su recurso de *certiorari* ante el Tribunal de Apelaciones. Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V.

Ante la ausencia de una disposición en la Ley Núm. 2, supra, que regule la procedencia del mecanismo de reconsideración y los términos para revisar determinaciones interlocutorias, resulta necesario expresarnos al respecto.

Antes de atender los asuntos en cuestión, cabe recordar que es un "principio cardinal de hermenéutica que al lenguaje de una ley debe dársele la interpretación que valida el propósito que tuvo el legislador al aprobarla". Pueblo v. Figueroa Pomales, 172 DPR 403, 418 (2007). Los jueces no debemos analizar la legislación aisladamente como pronunciamientos de principios en abstracto. Pacheco v. Vargas, Alcaide, 120 DPR 404, 409 (1988). "Tenemos el deber de hacer que el derecho sirva propósitos útiles y evitar una interpretación tan literal que lleve a resultados absurdos". Íd. Véase Passalacqua v. Mun. de San Juan, 116 DPR 618, 632 (1985). Por ello, este Tribunal debe interpretar la ley "tomando en consideración los fines que persigue y la política pública que la inspira". Pueblo v. Figueroa Pomales, supra, pág. 418.

Debido a la naturaleza sumaria de los procedimientos al amparo de la Ley Núm. 2, _supra_, la aplicación del término provisto por las Reglas de Procedimiento Civil para revisar resoluciones u órdenes interlocutorias –a saber, treinta (30) días– resultaría en un absurdo procesal. Véase Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V. Se estaría permitiendo un término más largo –30 días– cuando se recurre de una resolución interlocutoria, que los diez (10) y veinte (20) días que aplican a las sentencias finales. Asimismo, la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2, _supra_. Entre otras razones, pues se daría la anomalía de proveerle a las partes un término mayor para solicitar reconsideración que el provisto para la revisión de determinaciones finales por la Ley Núm. 2, _supra_.[5]

Dichas normas fomentarían la presentación de recursos interlocutorios, dilatando así la adjudicación de controversias laborales al amparo de la Ley Núm. 2, _supra_. Este proceder atenta contra la clara intención legislativa de proveer un "mecanismo procesal, de naturaleza sumaria, para lograr la rápida consideración y adjudicación de las reclamaciones laborales instadas por empleados en contra de sus patronos". Exposición de Motivos de la Ley Núm. 133-2014.

---

[5] A saber, quince (15) días para reconsiderar y diez (10) para acudir ante el Tribunal de Apelaciones.

Por ello, resolvemos que el término para revisar aquellas determinaciones interlocutorias que, bajo los criterios restrictivos establecidos en Dávila, Rivera v. Antilles Shipping, Inc., supra, puedan ser revisadas, debe ser análogo al dispuesto en la Ley Núm. 133-2014, supra, para la revisión de sentencias ante los foros superiores. A saber, diez (10) días para las revisiones interlocutorias presentadas ante el Tribunal de Apelaciones y veinte (20) días para aquellas revisiones interlocutorias presentadas ante este Tribunal. Véase Art. 2 de la Ley Núm. 133-2014. Esa es la interpretación más cónsona con el propósito de la legislación de que las controversias laborales se tramiten de forma expedita.[6]

Apoya nuestra determinación el hecho de que la señora Medina Nazario, mediante la presentación de mociones de reconsideración y peticiones de certiorari, ha extendido el trámite del pleito por más de un año. Tal proceder atenta contra la clara política pública del Estado de "tramitar las reclamaciones laborales con prontitud, sin dilaciones que pudieran frustrar los fines de la justicia". Berríos Heredia v. González, 151 DPR 327, 339 (2000). El procedimiento al amparo de la Ley Núm. 2, supra, desprovisto "de esa característica sumaria, resultaría un procedimiento ordinario más, incompatible

---

[6] Además, al uniformar los términos para la presentación de un certiorari interlocutorio a los provistos para la revisión de determinaciones finales bajo la Ley Núm. 2, supra, se evita la confusión de tener tres términos distintos para acudir a los foros revisores.

con el mandato legislativo". <u>Lucero v. San Juan Star</u>, 159 DPR 494, 505 (2003); véase <u>Aguayo Pomales v. R & G Mortg.</u>, 169 DPR 36, 43 (2006).

En última instancia, la interpretación adoptada en el día de hoy favorece a los empleados y obreros quienes podrán ser resarcidos con mayor prontitud cuando sus patronos hayan vulnerado sus derechos.

En atención al trámite procesal antes expuesto, el auto de *certiorari* ante nos se presentó tardíamente por lo que este Tribunal carece de jurisdicción para atender sus méritos.

IV

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Se dictará Sentencia de conformidad.

Maite D. Oronoz Rodríguez<br>
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Priscilla Medina Nazario

    Peticionaria

           v.                  CC-2015-0313

McNeil Healthcare LLC

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 2 de marzo de 2016.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se desestima el recurso por falta de jurisdicción.

        Así lo pronunció y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo emitió una Opinión de Conformidad. La Juez Asociada señora Rodríguez Rodríguez concurre sin Opinión escrita.

                          Juan Ernesto Dávila Rivera
                       Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Priscilla Medina Nazario

      Peticionaria

          v.

McNeil Healthcare LLC

      Recurrida

CC-2015-313    Certiorari

Opinión de Conformidad emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 2 de marzo de 2016.

Estoy conforme con la determinación y el racional de este Tribunal. No obstante, mediante esta Opinión discuto los criterios del principio de analogía, con el propósito de exponer el por qué entiendo que aplican los términos de 10 y 20 días que la Ley 2, *infra*, concede para la revisión de sentencias y no el término de 30 días que las Reglas de Procedimiento Civil, 32 LPRA Ap. V, proveen para la revisión de dictámenes interlocutorios emitidos en el ámbito civil.

I

Los hechos esenciales para resolver la controversia sobre los términos para revisar

determinaciones interlocutorias de la Ley 2, *infra*, son los siguientes. El 16 de noviembre de 2010 la        Sra. Priscilla Medina Nazario presentó una querella en contra de McNeil Healthcare LLC al amparo del procedimiento sumario de la Ley 2. Luego de varias incidencias, el Tribunal de Primera Instancia emitió una resolución interlocutoria, cuyo contenido es innecesario pormenorizar en esta ocasión. Posteriormente, la señora Medina Nazario presentó un recurso de certiorari ante el Tribunal de Apelaciones y dicho foro denegó su expedición. Luego de haber transcurrido más de 20 días desde la determinación del foro apelativo intermedio, la señora Medina Nazario presentó ante este Tribunal un recurso de certiorari. Nos corresponde examinar si el recurso se presentó oportunamente. Veamos.

## II

A los fines de entender cabalmente la controversia que se nos presenta, debemos destacar la diferencia entre una sentencia y una resolución. La Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, expone que una sentencia del Tribunal de Primera Instancia es un dictamen que resuelve finalmente una cuestión litigiosa mediante una adjudicación final, mientras que una resolución solo pone fin a un incidente dentro del proceso judicial.[7] A esta última generalmente se le conoce como orden o resolución interlocutoria. A su vez, la Regla 52.2 de Procedimiento

---

[7] Véase Johnson & Johnson v. Mun. San Juan, 172 DPR 840, 848 (2007).

Civil, 32 LPRA Ap. V, dispone que las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia se pueden revisar ante el Tribunal de Apelaciones mediante la presentación de un recurso de certiorari.

Trasladándonos al ámbito laboral, es sabido que las reclamaciones de los obreros y empleados instadas en contra de sus patronos pueden tramitarse conforme al procedimiento ordinario o al sumario que está contemplado en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.* (Ley 2).[8] La Ley 2 es una ley especial que fue creada como un mecanismo procesal para lograr la rápida consideración y adjudicación de las reclamaciones laborales, implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido de medios económicos para su subsistencia mientras consigue un nuevo empleo.[9] Reiteradamente hemos señalado que tanto las partes como los tribunales deben respetar la naturaleza sumaria del procedimiento de la Ley 2 porque esta constituye su característica esencial.[10] Pues de no hacerlo el

---

[8] Véase Sec. 1 de la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 (Ley 2).

[9] Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 928 (2008); Aguayo Pomales v. R & G Mortg., 169 DPR 36, 43 (2006). Véase también Exposición de Motivos de la Ley Núm. 133-2014 y A. Acevedo Colom, Legislación Protectora del Trabajo Comentada, 8va ed. rev., San Juan, 2005, pág. 397.

[10] Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 929; Lucero v. San Juan Star, 159 DPR 494, 505 (2003); Dávila, Rivera v. Antilles

procedimiento se convertiría en uno ordinario más, lo cual sería incompatible tanto con el mandato legislativo como con su carácter reparador.[11]

Las siguientes constituyen algunas de las medidas que el Legislador consignó en la Ley 2 para la consecución de su propósito expedito: el establecimiento de términos breves para contestar la querella; una limitación al tipo y a la cantidad de los mecanismos de descubrimiento de prueba; la aplicación de términos cortos para la revisión de sentencias y una limitación a la aplicabilidad de las disposiciones de las Reglas de Procedimiento Civil.[12] En aras de preservar el carácter sumario del procedimiento, este Tribunal ha interpretado que las resoluciones interlocutorias que se emiten al amparo de la Ley 2 no son revisables, excepto en las siguientes instancias:  (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia.[13] Las resoluciones interlocutorias que cumplen con alguna de estas excepciones serán revisables discrecionalmente mediante la presentación de un recurso de certiorari.

---

Shipping, Inc., 147 DPR 483, 493 (1999); Santiago v. Palmas del Mar Properties, Inc., 143 DPR 886, 891 (1997) y Acevedo Colom, op. cit., pág. 397.

[11] Íd.

[12] Secs. 3, 4 y 9 de la Ley 2, 32 LPRA secs. 3120, 3121 y 3127; Rivera v. Insular Wire Products Corp., 140 DPR 912, 923 (1996).

[13] Ortiz v. Holsum, 190 DPR 511, 517 (2014); Dávila, Rivera v. Antilles Shipping Inc., supra, pág. 498.

Como sabemos, las reglas procesales que regulan la revisión de asuntos de naturaleza civil están contenidas en las Reglas de Procedimiento Civil, 32 LPRA Ap. V. La Regla 52.2 (b) de ese cuerpo de normas prescribe que las determinaciones interlocutorias del Tribunal de Primera Instancia podrán revisarse mediante un recurso de certiorari ante el Tribunal de Apelaciones dentro del término de **30 días** y, además, dispone que la decisión que dicho tribunal tome sobre el asunto recurrido podrá revisarse ante el Tribunal Supremo dentro del plazo de **30 días**. Además, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone que el procedimiento de certiorari se tramitará de acuerdo a la ley aplicable, a estas reglas de Procedimiento Civil y a las que adopte este Tribunal.

Sin embargo, al remitirnos a las disposiciones de la Ley 2 hallamos que esta ley especial no provee un término para revisar las determinaciones interlocutorias del Tribunal de Primera Instancia, pues solo provee términos para revisar las sentencias. En particular, la Sec. 4 de la Ley 2, 32 LPRA sec. 3121, advierte que cuando el Tribunal de Primera Instancia haya dictado una **sentencia** en rebeldía, o por incomparecencia de una parte al acto de juicio, la parte afectada únicamente podrá recurrir al Tribunal de Apelaciones para que se revisen los procedimientos, mediante la presentación de un auto de certiorari dentro del término jurisdiccional de 10 días. Por su parte, la Sec. 9 de la Ley 2, 32 LPRA sec. 3127, orienta que las **sentencias** que el Tribunal de Primera

Instancia haya emitido como producto de una adjudicación en los méritos podrán ser revisadas por el Tribunal de Apelaciones mediante la presentación de un recurso de apelación dentro del mismo término jurisdiccional de 10 días. En cuanto a la revisión ante este Tribunal Supremo, las Secs. 4 y 9 permiten la presentación de un recurso de certiorari dentro del término jurisdiccional de **20 días** con el propósito de revisar la determinación que el Tribunal de Apelaciones tome sobre cualquier sentencia recurrida.[14] **Según surge de la Exposición de Motivos de la Ley Núm. 133-2014, que enmendó las disposiciones de la Ley 2, la brevedad de estos términos responde a la intención legislativa de "extender el carácter sumario de la ley a la etapa apelativa para cumplir con el propósito rector de la misma, de proveer al obrero un remedio rápido y eficaz".[15]**

Como apreciamos, la Ley 2 concede los términos de 10 y 20 días para revisar ante el Tribunal de Apelaciones y el Tribunal Supremo, respectivamente, las sentencias que el Tribunal de Primera Instancia haya emitido de conformidad con el procedimiento sumario. Un examen de estas

---

[14] En las Secs. 4 y 9 de la Ley 2, *supra*, el Legislador solo dispuso que el Tribunal de Apelaciones puede revisar las sentencias del Tribunal de Primera Instancia. En lo pertinente al Tribunal Supremo, la Sec. 4 de la Ley 2, *supra*, dispone que: "[l]a determinación dictada por el Tribunal de Apelaciones podrá ser revisada por el Tribunal Supremo de Puerto Rico mediante auto de certiorari, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución." De igual modo, la Sec. 9, *supra*, expone que: "[l]a parte que se considere perjudicada por la sentencia que emita el Tribunal de Apelaciones, podrá acudir mediante auto de Certiorari al Tribunal Supremo de Puerto Rico, en el término jurisdiccional de veinte (20) días."

[15] (Énfasis suplido).

disposiciones revela que el Legislador omitió codificar lo relativo a la revisión de dictámenes interlocutorios. **En otras palabras, en la Ley 2 existe un vacío o laguna legislativa sobre cuáles son los términos para revisar las determinaciones interlocutorias.**

En las situaciones en las que no haya ley aplicable al caso, el Art. 7 del Código Civil, 31 LPRA sec. 7, dispone que el tribunal deberá resolver conforme a la equidad.[16] De conformidad con lo anterior, hemos señalado que es tarea de la Jurisprudencia interpretar y aplicar la ley a casos concretos, **llenar lagunas** cuando las hay y, en lo posible, armonizar las disposiciones de ley que estén o que parezcan estar en conflicto.[17] La expresión laguna se utiliza para aludir a la existencia de posibles oquedades o vacíos en ley en torno a situaciones concretas.[18] En nuestro ordenamiento jurídico y en el español se recurre al principio de analogía cuando el Derecho no ha contemplado el supuesto específico que se ha de resolver, pero existe otro semejante al planteado que ha sido

---

[16] El Art. 7 del Código Civil, 31 LPRA sec. 7, lee como sigue:
El tribunal que rehúse fallar a pretexto de silencio, obscuridad, o insuficiencia de la ley, o por cualquier otro motivo, incurrirá en responsabilidad.

Cuando no haya ley aplicable al caso, el tribunal resolverá conforme a equidad, que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos.

[17] Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 360 (2003).

[18] Véase comentarios al Art. 4 del Código Civil español. A. Gullón Ballesteros, Comentario del Código Civil, Tomo 1, Ed. Bosch, 2000, pág. 379.

previsto y entre ambos existe identidad de razón.[19] En estas situaciones "la norma del caso regulado podrá aplicarse por analogía al caso que no lo está porque la misma razón justifica la identidad de la consecuencia".[20] Simplemente no sería justo ni lógico que dos supuestos que coinciden en lo esencial reciban una solución distinta dentro de un mismo ordenamiento.[21] Por tanto, la analogía se define como la "comprobación de igualdad normativa entre dos casos que no son completamente iguales, pero que lo son en grado suficiente para que el régimen jurídico de uno deba ser igualmente el del otro".[22]

Ahora bien, la analogía como función integradora del juez no se impone de modo automático sino que precisa un acto de decisión judicial.[23] Este ejercicio exige cautela pues no se deberá acoger una norma por analogía cuando dicha adopción tenga el efecto de frustrar la intención que emana de la ley o la política pública que la inspira.[24] Tampoco podrá aplicarse la analogía cuando su utilización

---

[19] Orraca López v. ELA, 192 DPR 31, 45 (2014), citando a J. Puig Brutau, Compendio de Derecho Civil, Ed. Bosch, 1987, Vol. I, pág. 105. El Art. 4.1 del Código Civil español dispone que "[p]rocederá la aplicación analógica de las normas cuando éstas no contemplen un supuesto específico, pero regulen otro semejante entre los que se aprecie identidad de razón". A. Gullón Ballesteros, op cit., pág. 378.

[20] Orraca López v. ELA, supra, pág. 45.

[21] Íd.

[22] Íd.

[23] Orraca López v. ELA, supra, pág. 45; Legislación Civil Vigente, Código Civil, Editorial Lex Nova, 2004, Vol. II, pág. 46.

[24] Íd.

haya sido expresamente prohibida por ley.[25] **En lo que nos atañe, repetidamente hemos señalado que cuando la ley no fija el término dentro del cual deberá llevarse determinada acción deberá aplicarse a la misma el más análogo.**[26] En resumen, los criterios a examinar si procede aplicar el principio de analogía son los siguientes: existencia de una laguna legal sobre una cuestión que debe resolverse; identidad de razón entre esta y otra situación que fue contemplada; que no exista prohibición legislativa de recurrir a la analogía; y que su aplicación no tenga el efecto de frustrar la intención que emana de la ley o la política pública que la inspira.

No es la primera vez que se nos presenta una controversia sobre cuáles son los términos para revisar las determinaciones que se emiten al amparo de la Ley 2. Por ejemplo, en Santiago v. Palmas del Mar Properties, Inc., 143 DPR 886, 900 (1997), nos tocó hallar cuál era el término para revisar una sentencia ante este Tribunal Supremo, ya que al momento en que atendimos el caso la Ley 2 no lo contemplaba. Luego de armonizar la Ley 2 con las disposiciones legales aplicables, a pesar de que reconocimos que la médula de la Ley 2 es su carácter

---

[25] Por ejemplo, el Art. 2 de nuestro Código Penal, 33 LPRA sec. 5002, dispone que "[n]o se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad".

[26] Orraca López v. ELA, supra. En Orraca López v. ELA, supra, resolvimos que el término más análogo para incoar una acción para reclamar honorarios de abogado al amparo de la Ley Federal de Educación Especial, 20 USCA sec. 1415(i)(3)(B)(i)(I), lo es el de 3 años que el Art. 1867 del Código Civil de Puerto Rico, 31 LPRA sec. 5297, concede para reclamar honorarios.

sumario, entendimos que aplicaba el término ordinario de 30 días.

Ahora bien, con posterioridad a <u>Santiago v. Palmas del Mar Properties, Inc.</u>, *supra*, la Legislatura aprobó la Ley Núm. 133-2014 que enmendó la Ley 2. Entre otras cosas, se estableció el término de 20 días para revisar ante el Tribunal Supremo las determinaciones que el Tribunal de Apelaciones toma sobre las sentencias del foro de instancia. En la Exposición de Motivos de dicha enmienda, el Legislador expresó que el término ordinario de 30 días que concedimos en <u>Santiago v. Palmas del Mar Properties, Inc.</u>, *supra*, "contraviene el espíritu expedito de la Ley Núm. 2", y explicó que "[l]a intención del legislador […] fue extender el carácter sumario de la ley a la etapa apelativa para cumplir con el propósito rector de la misma de proveer al obrero un remedio rápido y eficaz". **En otras palabras, el Legislador resaltó la importancia del carácter expedito en la etapa apelativa de la Ley 2 y, como consecuencia, rechazó la aplicación de un término de naturaleza ordinaria.**

Es de vital importancia señalar que el Legislador, en la Sec. 3 de la Ley 2, 32 LPRA sec. 3120, proveyó la siguiente guía para la interpretación de sus disposiciones: "**[e]n los casos que se tramiten con arreglo a [esta ley], se aplicarán las disposiciones de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas**

**o con el carácter sumario del procedimiento"**.[27] En la obra *Aprobación e Interpretación de las Leyes en Puerto Rico*, R. Elfren Bernier y José A. Cuevas Segarra nos recuerdan que las normas de interpretación provistas por el Legislador deben servir como guía a los tribunales en su búsqueda de la voluntad legislativa.[28]

Conforme a nuestra obligación de suplir el vacío legislativo de la Ley 2 y luego de examinar el principio de analogía antes expuesto; la política pública de rápida resolución que la Ley 2 persigue; la Exposición de Motivos de la Ley Núm. 133-2014 que exhibe la intención de extender el carácter sumario de la Ley 2 a la etapa apelativa y que rechazó la aplicación de los términos ordinarios a este procedimiento especial, y la Sec. 3 de la Ley 2 que dispone que "[e]n los casos que se tramiten con arreglo a [esta ley], se aplicarán las disposiciones de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con […] el carácter sumario del procedimiento", **llego a la misma conclusión que la Mayoría de este Tribunal sobre que los términos de 10 y 20 días que la Ley 2 concede para la revisión de las <u>sentencias</u> emitidas por el Tribunal de Primera Instancia al amparo del procedimiento sumario de la Ley 2 deben aplicarse por analogía a la revisión de los <u>dictámenes interlocutorios</u>.**

---

[27] (Énfasis suplido).

[28] R. Elfren Bernier, J.A. Cuevas Segarra, <u>Aprobación e Interpretación de las Leyes en Puerto Rico</u>, 2nda ed. Rev., San Juan, Publicaciones JTS Inc., 1987, Vol. I, págs. 387-388.

La adopción de estos términos está fundada en que entre ambas situaciones existe identidad de razón pues pretenden revisar asuntos dentro del mismo procedimiento especial de naturaleza *sui generis*, cuya finalidad principal es la tramitación y resolución expedita de las reclamaciones laborales.[29] Al existir el requisito de identidad de razón entre la revisión de las sentencias y resoluciones interlocutorias emitidas al tenor de la Ley 2 se justifica la identidad de la consecuencia, entiéndase, que procede la aplicación de los mismos términos. Resolver que a la revisión de asuntos interlocutorios de la Ley 2 les aplica un término más largo que aquél que la misma ley especial concede para la revisión de sentencias simplemente contravendría el carácter expedito que tanto distingue a este procedimiento sumario laboral.

Así, como bien expone la Opinión Mayoritaria y sujeto a los criterios de revisión limitada de las determinaciones interlocutorias de Ley 2, entiendo que: (1) los dictámenes interlocutorios emitidos por el Tribunal de Primera Instancia —dentro del procedimiento sumario de la Ley 2— pueden ser revisados discrecionalmente por el Tribunal de Apelaciones mediante la presentación de un recurso de certiorari dentro del término de 10 días y (2) la determinación que dicho foro apelativo intermedio tome sobre el dictamen recurrido podrá revisarse discrecionalmente por este Tribunal

---

[29] Véase Orraca López v. ELA, *supra*.

mediante un recurso de certiorari dentro del plazo de 20 días.

### III

En este caso la señora Medina Nazario recurrió ante este Tribunal de la denegatoria del Tribunal de Apelaciones de revisar una determinación interlocutoria emitida por el Tribunal de Primera Instancia, al tenor del procedimiento sumario de Ley 2. Sin embargo, la señora Medina Nazario presentó su recurso tardíamente, es decir, luego de transcurrido el término de 20 días desde la notificación de la determinación final del Tribunal de Apelaciones.

Como es sabido un recurso tardío adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal, y una vez el tribunal determina que no tiene jurisdicción solo puede proceder a así decretarlo y a desestimar el recurso.[30] Ante la falta de jurisdicción de este Tribunal sobre el recurso en cuestión, estoy conforme con que se ordene su desestimación.

Erick V. Kolthoff Caraballo
Juez Asociado

---

[30] Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., 2015 TSPR 148; SLG Szendrey Ramos v. F. Castillo, 169 DPR 873, 883 (2007); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 355 (2003).