Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| VÍCTOR ALEXIS FELIZ ESTEVA<br><br>PETICIONARIO<br><br><br>v.<br><br>FEDERAL EXPRESS CORPORATION ("FEDEX") Y OTROS<br><br>RECURRIDOS | KLCE202400442 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV01333<br><br>Sobre: Despido Injustificado; Horas Extras; Acoso Laboral; Represalias; Procedimiento Sumario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de mayo de 2024.

**I.**

El 17 de abril de 2024, Víctor Alexis Feliz Esteva (señor Feliz Esteva o peticionario) presentó un recurso de *Certiorari* en el que solicitó que revoquemos una *Orden* emitida el 10 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), notificada y archivada en autos ese mismo día.[1] Por medio del referido dictamen, el Tribunal de Primera Instancia declaró No Ha Lugar una solicitud de anotación de rebeldía promovida por el peticionario contra el co-querellado señor Ricardo Rodríguez García (señor Rodríguez García o recurrido).

El 18 de abril de 2024, emitimos una Resolución en la que le concedimos al recurrido un término de 10 días para exponer su posición sobre los méritos del recurso.

---

[1] Apéndice del *Certiorari*, Anejo 1, págs. 1-2.

Número Identificador
RES2024_____

El 25 de abril de 2024, el recurrido radicó una Oposición a petición de *Certiorari* en la que se opuso al recurso de *Certiorari* de epígrafe, alegando que el procedimiento sumario laboral no le es aplicable.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales atinentes a la petición de *Certiorari* que nos ocupa.

**II.**

El caso de marras tiene su génesis en una querella radicada por el señor Feliz Esteva el 11 de marzo de 2024 contra Federal Express Corporation (FedEx) y el señor Rodríguez García por alegado despido injustificado, represalias y salarios adeudados.[2] Solicitó que la misma se tramitara bajo el procedimiento sumario contemplando en la Ley Núm. 2-1961.[3]

Según se alegó en la reclamación, el peticionario comenzó a ser empleado a tiempo parcial para FedEx en el mes de octubre de 2020 en las facilidades de Metro Office Park en Guaynabo. En el mes de julio de 2021, fue contratado como empleado a tiempo completo como 'Swing Driver'. Según surge de la querella, Feliz Esteva no tenía un horario y tenía que llamar a una línea telefónica ('Call Note') para conocer su horario de entrada. Durante el mes de abril de 2022, FedEx realizó una encuesta de satisfacción a los empleados titulada como 'Survey Feedback Action'. De la querella surge que, los resultados de la encuesta con respecto a los empleados gerenciales de la facilidad de Guaynabo fueron negativos. Por consecuencia, se celebraron varias reuniones por parte de los empleados gerenciales con el personal para conocer el fundamento de los resultados. En una de las reuniones celebradas, el personal

---

[2] Íd., Anejo 2, págs. 3-13.
[3] Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118, et al. [(Ley 2)].

manifestó que uno de los malestares era la incertidumbre del personal al tener que llamar al 'Call Note' para conocer su horario de entrada. Un empleado corporativo de FedEx alegó que la causa por la cual los empleados tenían que llamar era por situaciones relacionadas a conflictos internacionales, entre ellos en China. Durante la reunión, el señor Feliz Esteva expresó su inconformidad con la respuesta al parecerle irrazonable. Luego de la referida reunión, se designó al señor Rodríguez García como supervisor de Feliz Esteva. Alega el peticionario que, el señor Rodríguez García lo perseguía, señalaba y falsamente le imputó fraude en relación con unos paquetes lo que resultó en lo que aduce, su despido injustificado el 29 de septiembre de 2023.

El 12 de marzo de 2024, el TPI expidió un emplazamiento dirigido al señor Rodríguez García.[4]

El 4 de abril de 2024, el señor Feliz Esteva presentó una *Moción Informando Diligenciamiento de Emplazamientos* en la que notificó que el emplazamiento del señor Rodríguez García fue diligenciado en las facilidades de FedEx en Metro Office Park el 27 de marzo de 2024.[5]

El 9 de abril de 2024, el peticionario radicó una *Moción Solicitando Anotación de Rebeldía* en la que solicitó que se anotara la rebeldía en contra del señor Rodríguez García porque no respondió la querella dentro de los diez (10) días que tenía para hacerlo.[6]

Ese mismo día, la parte recurrida Rodriguez García presentó su contestación a la querella, el día 9 de abril de 2024.[7]

El 10 de abril de 2024, el señor Feliz Esteva radicó una *Urgente Moción Solicitando que Contestación a la Querella*

---

[4] Íd., Anejo 3, págs. 14-16.
[5] Íd., Anejo 4, págs. 17-24.
[6] Íd., Anejo 5, págs. 25-27.
[7] Íd., Anejo 6, págs. 28-35.

*Presentada Tardíamente por Ricardo Rodríguez García se Tenga Por No Puesta y Reiterando Solicitud de Anotación de Rebeldía* en la que solicitó que la contestación tardía de la querella se tuviese por no puesta y, en consecuencia, se anotara rebeldía del recurrido.[8]

El 10 de abril de 2024, el TPI emitió, notificó y archivo en autos digitalmente la *Orden* recurrida en la que declaró No Ha Lugar la *Moción de Solicitud de Anotación de Rebeldía* y se señaló una vista inicial el día 24 de abril de 2024 a las 9:00 a.m.[9]

Inconforme, el señor Feliz Esteva presentó el recurso ante nos e imputó al TPI los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al permitir, de manera ultra vires por no tener jurisdicción para ello, la contestación a la querella presentada tardíamente por el peticionado, Ricardo Rodríguez García, luego de transcurrido el término fatal dispuesto por la sección 3 de la Ley 2 de 17 de octubre de 1961.
>
> Erró el Honorable Tribunal de Primera Instancia al no anotar rebeldía al peticionado Ricardo Rodríguez García.

El 25 de abril de 2024, el recurrido presentó una Oposición a Petición de *Certiorari* en la que se opuso a la expedición del *Certiorari* solicitado. Según argumentó, el TPI actuó correctamente al no anotar la rebeldía en su contra, puesto que se trata de un codemandado y no del patrono, al que no le aplica el procedimiento sumario contemplado en la Ley 2, *supra*.

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal

---

[8] Id., Anejo 7, págs. 36-38.
[9] Íd., Anejo 1, págs. 1-2.

inferior. *supra*, 729. Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez* v. *Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil de 2009, según enmendada, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de *certiorari* sobre materia civil.[10] ***Scotiabank de Puerto Rico* v. *ZAF Corporation, et als.***, 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario* v. *McNeill Healthcare LLC,*** *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez* v.**

---

[10] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

***Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra* 40, R.40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[11]

Por otro lado, el Tribunal Supremo de Puerto Rico se ha expresado referente a la expedición del auto de *certiorari* al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada.[12] Este foro y el Tribunal Supremo tienen la facultad para revisar por medio del auto *certiorari*, las resoluciones interlocutorias dictadas por los tribunales de instancia. ***Dávila, Rivera v. Antilles Shipping, Inc.***, 147 DPR 483, 491 (1999). En esa línea, la Sección 3 de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, establece que las Reglas de Procedimiento Civil serán aplicables al procedimiento sumario establecidos en la referida Ley en todo aquello que no esté en conflicto con las disposiciones o con el

---

[11] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

[12] Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118, et al. [(Ley 2)].

carácter sumario del procedimiento.[13] ***Dávila, Rivera v. Antilles Shipping,* Inc,** supra, 493. A tenor con el propósito rápido y sumario de la referida Ley, el Tribunal Supremo enfatizó que, para revisar las resoluciones interlocutorias dictadas por los tribunales de instancia, esta facultad está limitada en el caso de las resoluciones interlocutorias dictadas dentro de un procedimiento llevado al amparo de dicha Ley. ***Dávila, Rivera v. Antilles Shipping,* Inc,** supra, 497. Este principio está cimentado en que, la esencia de dicho trámite "es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios". ***Medina Nazario* v. *McNeill Healthcare LLC,*** *supra,* 733. Consecuentemente, la facultad revisora de las resoluciones interlocutorias queda limitada de revisión por un tribunal de mayor jerarquía.

Ahora bien, el Tribunal Supremo delimitó las excepciones en que se puede expedir el auto recurso de *certiorari* en la mencionada Ley. A tenor con lo dispuesto por el referido foro, para requerir la revisión inmediata tienen que ser a modo de excepción en aquellos casos en que, (i) se haya dictado sin jurisdicción, (ii) cuando hacerlo disponga del caso en forma definitiva y (iii) en aquellos casos extremos en los cuales a fines de la justicia requiera la intervención del foro apelativo, es decir evitar una grave injusticia. ***Dávila, Rivera v. Antilles Shipping,* Inc,** supra, 498.

**B.**

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, *supra,* es conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales". En la Exposición de Motivos, el legislador

---

[13] Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118, et al. [(Ley 2)].

expone la intención de promover un mecanismo procesal sumario para lograr una rápida adjudicación de reclamaciones laborales de los empleados contra sus patronos. Exposición de Motivos Ley Núm. 2-1961, *supra*. Además, por la naturaleza y finalidad la reclamación debe ser resuelta a la mayor brevedad posible. Íd. A tenor con el mecanismo procesal sumario, acorta el término para responder a la querella, limita el descubrimiento de prueba y la aplicación de las Reglas de Procedimiento Civil. Íd. Cónsono con el proceso sumario, se propende a que cuando se dicte la sentencia en rebeldía o por incomparecencia de una de las partes, la revisión de la sentencia será mediante el auto del recurso de *certiorari* cuya expedición por el tribunal revisor será discrecional. Íd. A su vez, el Tribunal Supremo ha expresado que la Ley Núm. 2, *supra*, provee un procedimiento expedito para lograr los propósitos de proteger el empleo, desalentar el despido sin justa causa y proveerle al empleado despedido los remedios económicos para su subsistencia mientras obtiene un nuevo empleo. ***Ocasio* v. *Kelly Servs*, et al,** 163 DPR 653, 666 (2005).

El artículo tres (3) de la Ley 2-1961, *supra* sec. 3120, establece que el secretario del tribunal notificará a la parte querellada con copia de la querella que debe responder dentro de diez (10) días a partir de la notificación, si la querella es dentro del distrito judicial o quince (15) días si la misma es fuera del distrito judicial de la acción en su contra constatando haber servido copia de esta al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio. Consecuentemente, de no responder dentro del término establecido se dictará sentencia en su contra, concediendo el remedio solicitado y sin más citarle ni oírle. Íd. En otros términos, a solicitud de la parte querellada o de esta comparecer bajo derecho propio, puede exponer bajo juramento, a discreción del juez y de encontrarse causa justificada en la moción, prorrogar el término

para responder. Íd. A su vez, dicho artículo establece que las Reglas de Procedimiento Civil serán de aplicación de no entrar en conflicto con el procedimiento sumario de la referida ley. Íd.

Por otra parte, el Tribunal Supremo ha hecho un análisis minucioso sobre la prórroga que concede el artículo tres (3) de la referida ley, *supra.* En efecto, si el querellado no responde en la forma que exige la ley, el tribunal tendrá que atender el caso bajo rebeldía y recurrir a la Regla de Procedimiento Civil sobre sentencia de rebeldía siempre que sea cónsono con el proceso sumario de la mencionada ley.  Si bien es cierto que la ley no concede prórroga y es a discreción del juez concederla, hay casos excepcionales que se justifica concederla. ***Ocasio v. Kelly Servs*, et al,** supra pág. 669. "A modo de ejemplo, una razón para conceder la prórroga sería cuando del propio expediente surge la causa para la dilación en responder a la querella". Íd. De surgir las circunstancias, el tribunal puede *motu proprio* y a su discreción, conceder a la parte querellada una prórroga de entender se evitaría un fracaso a la justicia. Íd. Del mismo modo, ante el incumplimiento de los términos establecidos, el tribunal puede dictar sentencia para conceder el remedio solicitado. No obstante, un tribunal de instancia no podrá dictar sentencia en rebeldía de forma automática si no surge del expediente que la parte querellante tiene derecho al remedio solicitado. Íd., pág. 673. En esa misma línea, la parte querellante debe fundamentar los hechos específicos que de su faz de ser probados hacen a la parte querellada deudora del remedio solicitado. Íd.

**IV.**

En el caso de marras, el peticionario arguye que el TPI erró al permitir que el recurrido contestara la querella fuera del término establecido en ley y, consecuentemente, al no anotarle la rebeldía. Su solicitud de anotación de rebeldía ocurrió **un día** después de

vencido el término que tenía el señor Rodríguez García para responder la querella. Simultaneo a esta solicitud, **el recurrido contestó la querella**.

Tras un análisis objetivo, sereno y cuidadoso del expediente, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, como en la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40, resolvemos que debemos abstenernos de ejercer nuestra función revisora. En esencia, no se configuran los requisitos para expedir el recurso discrecional. A juicio nuestro, no atisbamos motivo o error alguno que amerite intervención. No intervendremos con lo actuado por el foro de instancia. Surge del expediente que la contestación del señor Rodríguez García a la querella fue únicamente **un día** posterior a vencer el término. Prorrogar este término es una facultad dentro de la discreción del TPI de este entender que se provocaría un fracaso a la justicia. No obstante, la anotación de rebeldía no procede automáticamente, sino que la necesidad de su imposición debe surgir de los hechos y del expediente del caso.

**V.**

Por los fundamentos antes expuestos, se *deniega* la expedición auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones