Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>HECTOR RIVERA VEGA<br><br>Peticionario | KLCE202400186 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso núm.: B VI1993G0033<br><br>Sobre: Asesinato en Segundo Grado |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece el señor Héctor Rivera Vega, en adelante el señor Rivera o el peticionario, quien nos solicita que revoquemos una *Resolución*, emitida el 21 de diciembre de 2023 y notificada el 26 de diciembre del mismo año; mediante la cual, el Tribunal de Primera Instancia, Sala de Aibonito, en adelante TPI, declaró no ha lugar la solicitud de eliminación de la reincidencia habitual del peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

-I-

Del escrito del señor Rivera surge que en 1994 un jurado lo encontró culpable por asesinato en segundo grado y debido a que tenía convicciones anteriores se le impuso la reincidencia habitual.

Posteriormente, el peticionario presentó un *Petitorio al Amparo de la Regla 192*.1, mediante el cual alegó que la Administración de Corrección, a pesar de la aprobación de medidas que fomentan la rehabilitación, como la Ley Núm. 377-2004, continúa atendiendo las solicitudes de los reclusos "a base de la política penal desarrollada hace más de tres décadas".[1] Así pues, el señor Rivera arguyó que es una víctima de las fallas del sistema penal que, por no haber implementado la política pública de rehabilitación, generó su condición de reincidente habitual. Adujo que la sentencia dictada como reincidente habitual está sujeta a ataque colateral bajo la Regla 192.1 de las de Procedimiento Criminal.

Por su parte, el TPI declaró no ha lugar la eliminación de la reincidencia habitual, mediante *Resolución*.[2]

En desacuerdo, el peticionario presentó un escrito intitulado *Petición de Auto de Certiorari* en el que esbozó los mismos argumentos e invocó la comisión de varios errores.

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[3] En consideración a lo anterior, eximimos al recurrido de presentar el escrito en oposición.

---

[1] Anejo 11 del peticionario.
[2] Anejo 2 del peticionario.
[3] Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

Luego de examinar el escrito del peticionario y los documentos que lo acompañan, estamos en posición de resolver.

**-II-**

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[4] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[5] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[6]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[4] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

[5] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[6] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[7]

**-III-**

Surge del expediente que el señor Rivera presentó una *Petición de Auto de Certiorari* en la que impugna la determinación del foro recurrido por impedir la eliminación de su reincidencia habitual. El peticionario sostiene que la sentencia dictada es contraria a la Constitución del Estado Libre Asociado de Puerto Rico, a la Constitución de los Estados Unidos y a las leyes de ambas jurisdicciones.

Sin embargo, luego de revisar el escrito del peticionario y los documentos que obran en autos, resolvemos que ni el remedio ni la disposición recurrida son contarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*. Además, la etapa procesal en que se presenta el caso no es la más propicia para su consideración. Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra*.

Como si lo anterior fuera poco, no se configura ninguna de las circunstancias que justifican la expedición del auto bajo cualquier otro de los fundamentos de la Regla 40 de nuestro Reglamento.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari*.

---

[7] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda. Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones