Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| HACIENDA LOS EUCALIPTOS INC., JORGE MÉNDEZ ROIG; EDGARDO CARDONA HERNÁNDEZ; ROSA ESTER MORÁN CRUZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; NORBERTO RÍOS POL Y GRACE ALICEA ORTIZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; JOSÉ LUIS TORRES OLIVENCIA; HACIENDA RAMÍREZ INC.<br><br>PETICIONARIOS<br><br>V.<br><br>CORPORACIÓN DE SEGUOS AGRÍCOLA DE PUERTO RICO<br><br>RECURRIDO | KLCE202400269 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br>D AC2016-1423<br><br>Sala:401<br><br>Sobre:<br><br>INCUMPLIMIENTO DE CONTRATO, SENTENCIA DECLARATORIA Y SOLICITUD DE CERTIFICACIÓN DE PLEITO COMO UN PLEITO DE CLASE |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece, Hacienda los Eucaliptos Inc; Jorge Méndez Roig; Edgardo Cardona Hernández; Rosa Esther Moran Cruz y la Sociedad Legal de Gananciales compuesta por ambos; Norberto Ríos Pol; Grace Alicea Ortiz y la Sociedad Legal de Ganciales compuesta por ambos; José Luis Torres Olivencia; y Hacienda Ramírez Inc, (en adelante, en conjunto, "los peticionarios"). Ello, mediante el recurso de epígrafe. Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 11 de de diciembre de 2023 y notificada el 27 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la referida determinación,

el foro recurrido declaró *No Ha Lugar* la "*Moción reiterando se establezcan los honorarios de abogados de la parte demandante*," presentada por los peticionarios en contra de la Corporación de Seguros Agrícolas de Puerto Rico (en lo sucesivo, "la parte recurrida").

Por los fundamentos que expondremos, *denegamos* la expedición del presente auto de *certiorari*.

## I.

La controversia que nos ocupa tiene su origen el 14 de julio de 2016. En la referida fecha, los peticionarios, presentaron la "*Demanda*" de epígrafe. En esta, expresaron que otorgaron junto a la parte recurrida varios contratos de seguro. Ello, a los efectos de cubrir las pérdidas que se habían suscitado en sus plantaciones y producciones de cosechas. Adujeron, que la parte recurrida les había solicitado el pago de pólizas de seguro que eran correspondientes a años anteriores a los estipulados como asegurados.

Añadieron, que la parte recurrida se había negado a pagar daños ocasionados por el Huracán Irene y retuvo el pago de primas anteriores por daños producto del referido evento atmosférico. Todo ello, según sostuvieron, en violación de los términos de los contratos existentes entre los peticionarios y la parte recurrida. Así pues, peticionaron en lo atinente, que el pleito se certificara como uno de clase;[1] y se le impusiera a la parte recurrida el pago de costas y honorarios de abogado, por una cuantía no menor al equivalente del treinta porciento (30%) de las cuantías que alegadamente la parte recurrida había pretendido cobrar a los peticionarios.

En reacción, el 20 de septiembre de 2016, la parte recurrida presentó "*Contestación a la Demanda*." En síntesis, aceptó la existencia de las relaciones contractuales alegadas por los peticionarios. De igual modo, admitió que realizó gestiones dirigidas al cobro de ciertas pólizas de seguro, las cuales alegaba que adeudaban los peticionarios. Empero,

---

[1] El 1 de octubre de 2018, el tribunal de instancia, emitió una "*Resolución*." Por medio de esta ordenó la certificación del pleito como uno de clase.

contrario a lo aducido por los peticionarios, sostuvo que las aludidas gestiones de cobro fueron realizadas conforme a derecho. A tenor de ello, arguyó que las primas de los seguros eran líquidas y exigibles.

Luego de varios trámites procesales que no son necesarios de pormenorizar, el 11 de abril de 2019, los peticionarios presentaron "*Moción Solicitando Sentencia Sumaria.*" En apretada síntesis, reiteraron que los cobros efectuados por la parte recurrida sobre pólizas de seguros agrícolas de años anteriores eran ilegales. Ello, dado que, las obligaciones de pago se habían extinguido por medio de una cesión de crédito. Por lo cual, no adeudaban suma alguna a la parte recurrida. En respuesta, el 7 de junio de 2019, la parte recurrida presentó "*Moción en Oposición a que se Dicte Sentencia Sumaria y Solicitud Para Que se Dicte Sentencia Sumaria a Favor de la Parte Demandada.*" En esencia, alegó que sus actuaciones estuvieron revestidas de legalidad. A su vez, contrario a lo argumentado por los peticionarios, sostuvo que era legítimo el cobro de pólizas de seguros de años anteriores. Ello, toda vez que, al permitirse el financiamiento para el pago de las primas existe un derecho de compensación.

En atención a los escritos presentados, el 3 de diciembre de 2020, el foro recurrido emitió una "*Sentencia.*" Mediante esta, declaró *Ha Lugar* la "*Moción Solicitando Sentencia Sumaria,*" presentada por los peticionarios. Consecuentemente, ordenó a la parte recurrida que desistiera de sus gestiones de cobro sobre pólizas de seguro de años anteriores. A su vez, le requirió que devolviera las cantidades monetarias que había retenido de los peticionarios.

Posteriormente, el 18 de diciembre de 2020, los peticionarios presentaron una "*Moción Solicitando Honorarios de Abogado por Temeridad de Acuerdo a la Regla 44.1 de Procedimiento Civil.*" En esencia sostuvieron, que en el transcurso del pleito la parte recurrida realizó alegaciones frívolas y temerarias. Entre las cuales se encontraban las siguientes: el argumento de la parte recurrida sobre la ausencia de

notificación adecuada de la clase; su planteamiento sobre falta de parte indispensable; y su alegación sobre la equivalencia existente entre una cesión de crédito y un financiamiento. En virtud de ello, peticionaron al foro recurrido honorarios por temeridad. En la misma fecha, los referidos peticionarios presentaron otro escrito intitulado "*Moción Solicitando se Establezcan los Honorarios de Abogado de las Partes Demandantes.*" Mediante este, solicitaron honorarios de abogado por la labor realizada por sus representantes legales. Peticionaron honorarios equivalentes a un treinta y tres porciento (33%) de la cantidad que la parte recurrida pretendía cobrarles. Valoraron el cobro efectuado por la parte recurrida en $9,326,947.59.[2]

En respuesta, el 22 de diciembre de 2020, la parte recurrida presentó "*Oposición a Moción Solicitando Honorarios.*" En síntesis, sostuvo que no incurrió en actuación temeraria alguna, dado que actuó conforme a derecho. Particularmente, al amparo de su derecho a defenderse de las alegaciones realizadas por los peticionarios. Añadió, que, en virtud de la Ley de Seguros Agrícolas de Puerto Rico, Ley Núm. 12 de 12 de diciembre de 1966, según enmendada, 5 LPRA sec. 1403(m), estaba exenta del pago de honorarios de abogado. Así pues, peticionó al foro recurrido que declarara *No Ha Lugar* la solicitud de honorarios de abogados presentada por los peticionarios.

Así las cosas, el 3 de febrero de 2021, el tribunal recurrido emitió una "*Resolución.*" Mediante esta, declaró *No Ha Lugar* la "*Moción Solicitando Honorarios de Abogado por Temeridad de Acuerdo a la Regla 44.1 de Procedimiento Civil.*" Ello, bajo el fundamento de que la parte recurrida no había sido temeraria, puesto que ejerció su derecho a

---

[2] Señalamos, que surge de la "*Sentencia*" emitida el 3 de diciembre de 2020, por el tribunal de instancia, que la cantidad que verdaderamente pretendía cobrar la parte recurrida era de $7,139, 396.00. Ello, fue confirmado por este Tribunal en la "*Sentencia*" emitida el 21 de marzo de 2023. Véase, la determinación: *KLAN202100137.*

defenderse de las alegaciones levantadas por los peticionarios dentro de un pleito de naturaleza compleja y novel.[3]

Tras varios trámites procesales que no son necesarios de pormenorizar, el 21 de septiembre de 2023, los peticionarios presentaron "*Moción reiterando se establezcan los honorarios de abogados de la parte demandante.*" En esencia, esbozaron planteamientos similares a los expuestos en la "*Moción Solicitando se Establezcan los Honorarios de Abogado de las Partes Demandantes,*" por ellos presentada en la fecha de 18 de diciembre de 2020. Siendo así, reiteraron su petición sobre que el tribunal de instancia ordenara a la parte recurrida el pago de honorarios de abogado en concepto de la labor realizada por sus abogados. Valoraron la cantidad solicitada en $2,356,000. Argumentaron, que dicha suma surgía luego de obtener el treinta y tres porciento (33%) de la cuantía de $7,139, 396.00, misma que la parte recurrida pretendía cobrarles por las aludidas pólizas de seguro. Sostuvieron, que la referida cantidad debía ser pagada de las cuantías que la parte recurrida debía devolverles a algunos de ellos. Esto, en los casos en que la parte recurrida logró obtener algún pago de su parte. En su defecto, los honorarios de abogado debían ser desembolsados a la luz de la aludida labor realizada por sus abogados. Toda vez que, el caso en cuestión era uno de naturaleza novel y compleja.

En reacción, el 14 de noviembre de 2023, la parte recurrida presentó "*Oposición a moción de reiterando se establezcan honorarios de los abogados de la parte demandante.*" En síntesis, replicó los mismos argumentos esbozados en su escrito sobre "*Oposición a Moción Solicitando Honorarios.*" Así pues, negó que haya cometido alguna actuación temeraria e invocó nuevamente la exención dispuesta en la Ley

---

[3] El 18 de febrero de 2021, los peticionaros, presentaron "*Moción reiterando se establezcan los honorarios de los abogados de la parte demandante.*" Mediante dicho escrito, entre otras cosas, le solicitaron al foro recurrido que dispusiera de la "*Moción Solicitando se Establezcan los Honorarios de Abogado de las Partes Demandantes.*" Sostuvieron su petición bajo el fundamento de que esta no había sido declarada *No Ha Lugar* en la "*Resolución*" emitida el 3 de febrero de 2021 por el tribunal de instancia. Luego de que la parte recurrida se opusiera al escrito presentado por los peticionarios, el 23 de abril de 2021, el foro recurrido emitió una "*Orden.*" Mediante esta, dicho foro se declaró sin jurisdicción para atender el aludido asunto. Esto, dado que, el 4 de marzo de 2021, la parte recurrida había presentado un recurso de apelación ante este Tribunal.

de Seguros Agrícolas de Puerto Rico, *supra*. Esto, para sostener que los honorarios de abogado peticionados eran improcedentes. En virtud de ello, solicitó al foro recurrido que declara *No Ha Lugar* la "*Moción reiterando se establezcan los honorarios de abogados de la parte demandante*," presentada por los peticionarios.

Ante ello, el 27 de diciembre de 2023, el foro recurrido notificó la "*Resolución*" que nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Moción reiterando se establezcan los honorarios de abogados de la parte demandante*." Acto seguido, el 10 de enero de 2024, los peticionarios presentaron una solicitud de reconsideración, la cual, el 25 de enero de 2024, con notificación del 2 de febrero de 2024, fue declarada *No Ha Lugar* por el foro recurrido. En desacuerdo, oportunamente el 4 de marzo de 2024, los peticionarios presentaron ante nos un recurso de *certiorari.* Mediante este, expusieron el siguiente señalamiento de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SOLICITUD PARA ESTABLECER LOS HONORARIOS DE LOS ABOGADOS DE LA CLASE**.

Con el beneficio de la comparecencia de ambas partes, procedemos a evaluar la procedencia de la expedición del recurso discrecional que nos ocupa.

**II.**

A. *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65, 212 DPR ____; *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el

ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparta de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> **D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En su único señalamiento de error, los peticionarios argumentan que incidió el foro recurrido al declarar *No Ha Lugar* la "*Moción reiterando*

*se establezcan los honorarios de abogados de la parte demandante.*" No les asiste la razón. Veamos.

Conforme reseñamos, este Tribunal tiene facultad discrecional al momento de examinar y decidir sobre la expedición de los recursos de *certiorari.* Dicha discreción no existe en el vacío, toda vez que, es dirigida por una serie de criterios dispuestos en la Regla 40, *supra* de nuestro Reglamento. De entrada, adelantamos que a tenor de lo dispuesto en la referida regla, determinamos denegar la expedición del presente recurso. Esto, dado que, al evaluar los aludidos criterios reglamentarios, no existen razones suficientes para expedir y adjudicar los méritos de la controversia presentada. El foro recurrido no trastocó los límites de la sana discreción que le asiste. Su determinación no trasciende los lineamientos de la razonabilidad, ni constituye algún error de derecho. Tampoco manifiesta prejuicio o parcialidad. Por lo cual, concluimos denegar la expedición del recurso de epígrafe.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del presente recurso de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones