Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| LANDA UMPIERRE & CO. P.S.C.<br><br>Recurrida<br><br>V.<br><br>ELADIO LÓPEZ REYES<br><br>Peticionaria | KLCE202400839 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D CD2009-2859 (401)<br><br>Sobre:<br>COBRO DE DINERO, EJECUCIÓN DE HIPOTECA |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

### I.

La parte peticionaria, Ancarlos Brothers, Inc., presentó recurso de certiorari el 2 de agosto de 2024.

El 26 de agosto de 2024, la parte recurrida, Landa Umpierre & Co., presentó *Moción solicitando desestimación a tenor con las disposiciones de la Regla 83.*

Luego de evaluados los escritos presentados por las partes, estamos en posición de resolver.

### II.

El recurso de certiorari está regulado por nuestro ordenamiento procesal civil. En lo relacionado al referido recurso, es sabido que se define como un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). En esencia, este mecanismo procesal permite al foro revisor corregir algún error cometido por el tribunal de menor jerarquía. *Medina Nazario v.*

Número Identificador

RES2024_____

*McNeil Healthcare LLC,* 194 DPR 723, 729 (2016). El referido recurso es uno de carácter discrecional. Esta discreción, ha sido definida jurisprudencialmente "como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

Cabe señalar, que el auto de certiorari está delimitado por la Regla 40 de este Tribunal. Mediante la misma, se establecen una serie de criterios que ayudan a dirigir el juicio de este Foro en la decisión de expedir o denegar el auto solicitado. Dichos criterios reglamentarios son los siguientes:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

En cuanto a la facultad discrecional de denegar o expedir el auto solicitado, el tribunal, de forma comedida, puede inclinarse a expedir el recurso y adjudicarlo en sus méritos. Al tomar la referida decisión, el foro revisor asume jurisdicción sobre el asunto expuesto ante su consideración. Así pues, revisa e interviene con las decisiones del foro recurrido, para auscultar que estas sean justas y conforme a la normativa aplicable. *Negrón v. Srio. de Justicia,* supra.

Por otra parte, la Ley de la Judicatura confiere discreción a este tribunal para revisar como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24(u).

### III.

Luego de examinar detenidamente el expediente del presente caso, y conforme a la discreción que ostentamos para expedir un recurso de *certiorari*, declinamos ejercer la misma. Así, pues, denegamos la expedición de este recurso.

Nuestra determinación se fundamenta en la ausencia de criterios que justifiquen nuestra intervención con una resolución post sentencia.

### IV.

Por lo antes expuesto se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones