Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ADALBERTO LÓPEZ TORRES, ADILSA LÓPEZ TORRES, ADALINE LÓPEZ TORRES Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>HOGAR SANACIÓN, LLC., **NEW BEGINNING CENTER**, DAVID RAMÍREZ RODRÍGUEZ Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA CON SU ESPOSO ADALBERTO LÓPEZ TORRES<br><br>PETICIONARIO | KLCE202401046 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Sala: 206<br><br>Civil Núm.: Hu2024cv00498<br><br>Sobre: Desahucio por Falta de Pago, Cobro de Dinero-Ordinario |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece ante nos, New Beginning Center Inc. (en adelante, "la parte peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 27 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante la referida determinación, dicho tribunal declaró *No Ha Lugar* la "*Solicitud de Anulación del Emplazamiento*," presentada por la parte peticionaria. Todo, dentro de un pleito sobre desahucio y cobro de dinero entablado por Adalberto López Torres, por sí y representación de sus hermanas Adilsa, Adaline y Adamari de apellido López Torres, (en lo sucesivo, en conjunto, "la parte recurrida").

Por los fundamentos que expondremos a continuación, *denegamos* el recurso presentado.

**I.**

El 17 de abril de 2024, la parte recurrida, presentó la "*Demanda*" de epígrafe. En esencia, alegó que el 11 de mayo de 2017 otorgó junto al Hogar Sanación LLC (en adelante, "Hogar Sanación") un contrato de arrendamiento. Mediante el cual, le arrendó al referido Hogar dos (2) propiedades suyas sitas en Humacao. Alegó, que el Hogar Sanación había incumplido desde agosto de 2022 con los cánones de arrendamiento pactados. A la luz de lo anterior, sostuvo que el Hogar Sanación le adeuda una suma total de $39,000; más intereses; costas; gastos; y honorarios de abogado. Arguyó, que dicha suma era una líquida, vencida y exigible. Finalmente, solicitó que se ordenara el desahucio del referido Hogar.

Así las cosas, el 8 de mayo de 2024, la parte recurrida presentó una "*Demanda Enmendada*."[1] Esto, a los fines de añadir como codemandada a la parte peticionaria. Especificó, que advino en conocimiento de que las propiedades arrendadas estaban siendo ocupadas por la parte peticionaria. Sobre el particular, arguyó que no había autorizado el subarrendamiento de dichas propiedades. Ante ello, peticionó el desahucio de la parte peticionaria. A su vez, requirió que dicha parte satisficiera las cantidades adeudadas por el Hogar Sanación.

En la misma fecha, la parte recurrida, presentó una "*Moción para que se ordene la expedición del emplazamiento a ser diligenciado a New Beginning Center Inc.*" En síntesis, solicitó que se expidiera el correspondiente emplazamiento para así poder diligenciarlo. Al día siguiente, 9 de mayo de 2024, el emplazamiento solicitado fue expedido.

Posteriormente, el 22 de mayo de 2024, la parte recurrida presentó una "*Moción para que se Autorice el Emplazamiento por Edicto*."[2] En lo atinente, sostuvo que habían sido infructuosas las gestiones para diligenciar el emplazamiento personal de la parte peticionaria. Argumentó,

---

[1] La causa de acción fue incoada bajo el procedimiento sumario de desahucio. Durante el trámite procesal del caso se solicitó la conversión de los procedimientos a unos de naturaleza ordinaria. Sin embargo, el referido asunto no ha tenido una adjudicación final.
[2] Acompañó su moción con una "*Declaración Jurada*" suscrita por la emplazadora Ruth Rivera Archilla en fecha de 21 de mayo de 2024.

que la referida parte estaba evitando ser emplazada. Particularizó, que a pesar de visitar distintas direcciones no había podido establecer contacto con las personas a cargo de aceptar los emplazamientos de la parte peticionaria. Añadió, que tampoco le habían contestado las llamadas; se estuvieron rehusando a proveer información y le habían tratado de forma hostil. Ante ello, solicitó al foro recurrido que autorizara el emplazamiento por edicto de la parte peticionaria.

El mismo día, 22 de mayo de 2024, el foro recurrido emitió una "*Orden*." Mediante la cual declaró *Ha Lugar* la "*Moción para que se Autorice el Emplazamiento por Edicto*." En consecuencia, autorizó el emplazamiento por edicto de la parte peticionaria. Acto seguido, el 5 de junio de 2024, la parte recurrida presentó una "*Moción Acreditando Publicación de Emplazamiento por Edicto*." A través de esta informó que el emplazamiento por edicto fue publicado en fecha de 28 de mayo de 2024.

Así las cosas, el 30 de julio de 2024, la parte peticionaria presentó una "*Solicitud de Anulación del Emplazamiento*."[3] Arguyó, que la parte recurrida solo se presenció una sola vez a su oficina para tratar de emplazarle. Añadió, que el resto de las gestiones aducidas por dicha parte fueron realizadas a través de su dirección postal. A su vez, argumentó que la notificación de la "*Demanda Enmendada*" no fue dirigida a la dirección correcta ni enviada mediante un servicio que incluyera un acuse de recibo. Añadió, que las gestiones para emplazarle fueron insuficientes y fueron fundamentadas en alegaciones estereotipadas. Así pues, peticionó al foro recurrido la nulidad del emplazamiento.

En respuesta, el 20 de agosto de 2024, la parte recurrida presentó una "*Oposición a Solicitud de Anulación de Emplazamiento*." Alegó, que mediante la "*Moción Asumiendo Representación Legal y en Solicitud de Término para Presentar Alegación Responsiva*" la parte peticionaria se

---

[3] En una fecha anterior, el 28 de junio de 2024, la parte peticionaria presentó una "*Moción Asumiendo Representación Legal y en Solicitud de Término para Presentar Alegación Responsiva.*" Mediante esta, peticionó al foro recurrido un término para presentar una alegación responsiva. Especificó, que tenía la intención de presentar por escrito sus defensas y una relación de hechos distinta a la presentada por la parte recurrida.

sometió a la jurisdicción del tribunal. Ello, a raíz de que expresó su intención de presentar defensas para el caso de epígrafe. De otra parte, sostuvo que el emplazamiento por edicto en cuestión se realizó conforme a derecho. Particularizó, que cumplió con los requisitos sobre el contenido de los edictos conforme a la Regla 4.6 (b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6 (b). Agregó, que notificó copia del emplazamiento y la "*Demanda Enmendada*" a la última dirección conocida de la parte peticionaria. En virtud de lo expuesto, solicitó al foro recurrido que declara *No Ha Lugar* la "*Solicitud de Anulación del Emplazamiento.*"

En atención a los escritos presentados, el 27 de agosto de 2024, el foro recurrido notificó la "*Resolución*" que nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Solicitud de Anulación del Emplazamiento*," presentada por la parte peticionaria.

Posteriormente, el 19 de septiembre de 2024,[4] la parte peticionaria, presentó una "*Contestación a Demanda Enmendada.*" La referida parte expresó que comparecía sin someterse a la jurisdicción del tribunal. A su vez, negó los planteamientos principales de la "*Demanda Enmendada.*" Particularmente, catalogó de falsa la alegación de que subarrendaba las propiedades en controversia sin el consentimiento de la parte recurrida. De igual modo, incorporó a su alegación responsiva una serie de "*Defensas Afirmativas.*" Finalmente, solicitó la desestimación con perjuicio de la

---

[4] En la misma fecha, la parte peticionaria presentó una "*Solicitud de Orden de Prestación de Fianza de no Residente a la Demandante.*" Mediante esta, solicitó que se le impusiera a la parte recurrida la prestación de una fianza que cubriera los daños, costas, gastos y honorarios de abogado, los cuales dicha parte tendría que satisfacer de así ordenarse. Acto seguido, 20 de septiembre de 2024, la parte recurrida presentó una "*Oposición a Solicitud de Orden de Prestación de Fianza no Residente de la Demandante.*" En síntesis, tildó de improcedente la solicitud de la parte peticionaria. Consecuentemente, solicitó que se declarara *No Ha Lugar* la "*Solicitud de Orden de Prestación de Fianza de no Residente a la Demandante.*" Así pues, el 23 de septiembre de 2024, la parte peticionaria presentó una "*Breve Réplica a la Oposición a la Solicitud de Orden de Prestación de Fianza de no Residente a la Demandante.*" En esencia, reiteró sus planteamientos sobre la prestación de fianza de la parte recurrida. A su vez, expuso una serie de alegaciones entre las cuales cuestionó el dominio de la parte recurrida sobre las propiedades en controversia. En atención a los planteamientos presentados, el 24 de septiembre de 2024, el foro recurrido notificó el *No Ha Lugar* de la "*Solicitud de Orden de Prestación de Fianza de no Residente a la Demandante.*" El mismo día, la parte peticionaria, presentó una "*Solicitud de Reconsideración de la Orden de 23 de Septiembre de 2024.*" El 27 de septiembre de 2024, el foro recurrido declaró *No Ha Lugar* dicha reconsideración.

"*Demanda Enmendada*" y peticionó a su favor el pago de costas, gastos y honorarios de abogado.

En desacuerdo con la "*Resolución,*" el 26 de septiembre de 2024, la parte peticionaria presentó ante nos un recurso de *certiorari*. Mediante este, esbozó el siguiente señalamiento de error:

> A. Erró el Tribunal de Primera Instancia al no decretar la nulidad de la gestión de emplazamiento, a pesar del claro incumplimiento con los requerimientos dispuestos por la Regla 4 de Procedimiento Civil.

**II.**

**A*. Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo

intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la

discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III**.

En el presente caso, la parte peticionaria recurre de una "*Resolución*" mediante la cual no se declaró nulo el emplazamiento que le fue realizado. Tras una evaluación minuciosa de la totalidad del expediente ante nos, determinamos no intervenir en los méritos del dictamen recurrido. Si bien este es un caso en el que podríamos tener jurisdicción a tenor de la Regla 52.1, *supra*, al ejercer nuestra función discrecional determinamos no entrar en los méritos del asunto en cuestión. La "*Resolución*" dictaminada no es contraria a derecho. Tampoco medio prejuicio, parcialidad o error manifiesto en la apreciación del foro recurrido. Así pues, al amparo de la sana discreción que debemos ejercer según los criterios de la Regla 40 *supra*, concluimos denegar el presente auto de *certiorari.*

**IV.**

Por los fundamentos expuestos, *denegamos* el recurso presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones