ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO H/N/C LUNA O ESTRELLA HOME<br><br>Apelada<br><br>v.<br><br>GRACE MARIN CANCEL<br><br>Apelante | **KLAN202500438** | *Apelación* acogida como *certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2021CV02881<br><br>Sobre:<br>Cobro de dinero |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Jueza Álvarez Esnard[1].

Bonilla Ortiz, Juez Ponente

## RESOLUCION

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece ante este foro la Sra. Grace Marín Cancel (señora Marín o "la peticionaria"), por derecho propio, mediante un recurso de *Apelación*,[2] el cual acogemos como *certiorari,* y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 8 de mayo de 2025. Mediante el referido dictamen, el foro primario confirmó el procedimiento de ejecución de hipoteca y los procedimientos de subasta. En consecuencia, ordenó al Alguacil a que procediera a otorgar la escritura pública de traspaso de la propiedad ante el notario que elija el comprador o adjudicatario.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

---

[1] En virtud de la Orden Administrativa OATA-2025-084, se designa a la Hon. Alicia Álvarez Esnard en sustitución del Hon. Abelardo Bermúdez Torres.
[2] Por tratarse de un trámite post-sentencia, acogemos el recurso de epígrafe como una petición de *certiorari*.

Número Identificador
RES2025 _____

## I.

El 29 de octubre de 2021, Luna Acquisition III LLC (LUNA), presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria en contra de la señora Marín.[3] En esencia, alegó que la deuda suscrita por la peticionaria mediante pagaré hipotecario era líquida, vencida y exigible. Asimismo, indicó que el último pago que realizó fue el 1 de noviembre de 2015, por lo que, había dejado de cumplir su obligación de pagar en plazos mensuales el principal más intereses, acumulando una deuda ascendiente a $128,227.10. Por tanto, solicitó el pago de la deuda, y que se ordenara la venta en pública subasta de la propiedad.

En respuesta, el 11 de enero de 2022, la señora Marín, por derecho propio, presentó una *Contestación* a la demanda junto con una *Reconvención*.[4] Allí, alegó falta de partes indispensables, entre ellas, el Departamento de la Familia, puesto que, con ella vivía su hermana de 93 años. Además, indicó que Luna debió cumplir con la *Ley de Mitigación del 2013*, y reclamarle al seguro los daños causados por el Huracán María. Por ello, solicitó una suma de $300,000.00 por concepto de derechos violados, daños morales, intereses y gastos legales.

Tras varios trámites procesales, el 1 de mayo de 2024, el foro primario notificó una *Sentencia*.[5] En esta, declaró *Con Lugar* la *Demanda* presentada por Luna y desestimó con perjuicio la *Reconvención* presentada por la señora Marín.

---

[3] *Demanda*, entrada núm. 1 en el Sistema Unificado de manejo y Administración de Casos (SUMAC).
[4] *Contestación* y *Reconvención*, entrada núm. 9 en SUMAC.
[5] *Sentencia*, entrada núm. 83 en SUMAC.

Inconforme con la determinación, el 30 de mayo de 2024, la señora Marín acudió ante este foro mediante un recurso de *Apelación* el cual fue asignando el alfanumérico KLAN202400527.[6] Evaluado el recurso, el 16 de agosto de 2024, emitimos una *Sentencia* en la cual confirmamos el dictamen apelado.[7] Aún inconforme, la peticionaria recurrió ante el Tribunal Supremo, el cual acogió el escrito como una petición de *certiorari*. No obstante, lo declaró *No Ha Lugar* por incumplimiento con el Reglamento del Tribunal.[8]

El 29 de enero de 2025, Luna presentó una *Moción en Solicitud de Sustitución de Parte Demandante*.[9] Allí, alegó que la hipoteca y el pagaré objeto de la causa de acción se transfirió a Estrella Homes III LLC (Estrella o "parte recurrida"). Por ello, solicitó enmendar el epígrafe del caso para incluir a Estrella como parte demandante.

El 18 de febrero de 2025, la señora Marín radicó una acción ante la Corte de Distrito Federal para el Distrito de Puerto Rico.[10] En esta, esbozó que la falta de un endoso específico en el pagaré hacía la transferencia nula según las leyes estatales y federales.

El 28 de febrero de 2025, la parte recurrida presentó una *Moción en Solicitud en Ejecución de Sentencia*.[11] Sostuvo que la señora Marín no había satisfecho la *Sentencia* notificada el 1 de mayo de 2024.

---

[6] *Apelación*, entrada núm. 87 en SUMAC.
[7] *Sentencia*, entrada núm. 91 en SUMAC.
[8] *Resolución*, entrada núm. 95 en SUMAC.
[9] *Moción en Solicitud de Sustitución de Parte Demandante*, entrada núm. 92 en SUMAC.
[10] *Grace Marín-Cancel v. FirstBank Puerto Rico*, Civ. No.: 25-1102 (SCC).
[11] *Moción en Solicitud en Ejecución de Sentencia*, entrada núm. 96 en SUMAC.

Así pues, solicitó que se ordenara la ejecución de dicha sentencia y, en consecuencia, ordenara a la Secretaría a expedir el correspondiente *Mandamiento de Ejecución*.

Atendida la moción, el foro primario emitió una *Orden de Ejecución de Sentencia y Venta de Bienes*.[12] Mediante esta, ordenó la venta en pública subasta de la propiedad objeto del pleito.

Por consiguiente, el 8 de mayo de 2025, el Tribunal de Primera Instancia emitió una *Orden*.[13] Allí, concluyó que el procedimiento de ejecución de hipoteca, así como los de subasta, cumplieron con todas las formalidades requeridas por nuestro ordenamiento. A tales efectos, ordenó al Alguacil que otorgara la escritura pública de traspaso de la propiedad ante el notario que elija el comprador o adjudicatario.

En desacuerdo, el 15 de mayo de 2025, la peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Violó la ley estatal que requiere el endoso específico del pagaré, que no se hizo.

> Violó la ley federal que requiere el endoso específico del pagaré, que no se hizo, derivada [de] la ley estatal, pues la federal ocupa el campo.

> Viola el debido proceso de ley que garantiza la Carta de Derechos de la Constitución de Puerto Rico en su artículo II.

> Viola los principios generales de derecho, que están sobre la constitución misma, que es nulo, se tiene por no puesto, todo lo contrario, a la ley.

Atendido el recurso, el 4 de junio de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el

---

[12] *Orden de Ejecución de Sentencia y Venta de Bienes*, entrada núm. 97 en SUMAC.
[13] *Orden*, entrada núm. 106 en SUMAC.

término dispuesto en el Reglamento de este Tribunal para que presentara su alegato.

Transcurrido el término sin su comparecencia, damos por perfeccionado el recurso y procederemos a atender la controversia. Veamos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho". *Íd*.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, señala los criterios que para ello debemos considerar, estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA XXII-B, R.40.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

## III.

En el caso de autos, la peticionaria alega que la transferencia de un pagaré sin el debido endoso violenta las leyes estatales como federales. A su vez, sostiene que una vez radicó y notificó la acción federal se debió paralizar el procedimiento ante el foro primario. Por tanto, arguye que procede el *injunction*, así como la nulidad de la sentencia.

En primer lugar, la señora Marín no presentó documento alguno que acredite una orden de paralización

proveniente de la Corte Federal. De otra parte, los planteamientos sobre el endoso del pagaré ya fueron atendidos y adjudicados por este foro en el caso KLAN202500527.

Así pues, considerados los criterios establecidos en la Regla 40 de este Tribunal para la expedición del auto de *certiorari*, no identificamos fundamento alguno que nos mueva a ejercer nuestra función revisora.

Por lo cual, procede denegar el recurso de *certiorari*.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones